IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARYLAND CASUALTY COMPANY | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 13-2311 |
| v. | : | |
| | : | |
| FRAZIER FAMILY TRUST, d/b/a | : | |
| Khadijah's Kitchen | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                         January 30, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before the Court is Maryland Casualty Company's ("Plaintiff") motion for the entry of final judgment filed pursuant to Federal Rule of Civil Procedure (Rule) 55(b)(2), against Defendant Frazier Family Trust ("Defendant") on account of its failure to answer the Complaint. [ECF 10]. For the reasons set forth herein, Plaintiff's motion is granted, and judgment is entered against Defendant.

### FACTUAL AND PROCEDURAL BACKGROUND

For the purpose of ruling on Plaintiff's motion for default judgment, the Court takes the factual allegations of the complaint, except those relating to the amount of damages, as true. *See DIRECTTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (3d Cir. 2005). The pertinent, relevant facts are summarized as follows:

> Defendant submitted an application for insurance to Plaintiff wherein Defendant represented that the property to be insured was an operational restaurant. The application did not mention coverage for any residences.

1

Plaintiff issued an insurance policy to Khadijah's Kitchen, the named insured, providing property and liability coverage, identified as 'Restaurant Program-Basic', for a property located at 1934-36 Passyunk Avenue, Philadelphia, Pennsylvania (the "Property"). The policy period of coverage was from April 12, 2012, to April 13, 2013. By an endorsement dated July 12, 2012, and made effective June 22, 2012, the name of the insured was changed to Frazier Family Trust, d/b/a Khadijah's Kitchen.

On August 4, 2012, the Property was damaged by a fire.

By a letter dated August 6, 2012, Michael McIntyre, of Citizens Public Adjusters, gave Plaintiff notice that his company represented Defendant in the fire insurance claim.

Plaintiff commenced its own investigation of the fire claim, which included obtaining a recorded statement on August 20, 2012, from Minister Khadiyah el Lazar, who identified herself as Defendant's legal authorized representative. In her statement, Minister Khadiyah el Lazar described the insured property as "an eat-in restaurant, a full-service kitchen," with "four apartments up on the second floor." She stated that at the time of the fire the four apartments were occupied by tenants, and that the restaurant had not operated between April 12, 2012, and August 4, 2012, the date of the fire.

Due to Defendant's failure to disclose in the insurance application that the Property included four rental apartments, and its misrepresentation that the restaurant was operational, Plaintiff issued a *Notice of Cancellation* with an effective date of September 28, 2012. The notice stated:

> The policy was obtained through fraudulent statements, omissions or concealment of facts material to the acceptance of the risk or the hazard assumed by the company. The restaurant is not operational and there is habitational exposure.

Plaintiff avers that had it known of these omissions and/or concealments, it would not have issued the underlying policy.

In the course of its investigation, Plaintiff also discovered that no settlement had ever taken place between Defendant and the previous owner of the Property and that no payment was ever made by Defendant for the purchase of the Property. Plaintiff

2

        alleges that Defendant is not and never has been the owner of the insured property.

Procedurally, on April 29, 2013, Plaintiff filed its complaint against Defendant. [ECF 1]. Following several unsuccessful attempts to serve the complaint, by motion filed on August 13, 2013, Plaintiff sought the Court's permission to serve the complaint by alternative methods. [ECF 4]. This Court granted the motion for alternative service and directed Plaintiff to serve its complaint by (1) publishing notice of the summons and complaint in a newspaper of general circulation in Philadelphia and Montgomery counties; (2) posting a copy of the summons and complaint as near to Defendant's last known address as possible; (3) mailing, via the Clerk of Court, a copy of the summons and complaint to Defendant's last known address; and (4) emailing a copy of the summons and complaint to Defendant's last known email address. [ECF 5]. According to the proof of service filed by Plaintiff on September 24, 2013, [ECF 7], Plaintiff complied with the order and effectuated service on Defendant by each of the four ascribed alternative methods. No answer was filed. On October 15, 2013, Plaintiff filed a request for default [ECF 8], and the Clerk of Court entered a default. Following the entry of default, on October 30, 2014, Plaintiff filed the instant motion for default judgment [ECF 10]. No response has been filed.[1]

**LEGAL STANDARD**

Rule 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. Before doing so, however, the court must

---

[1] On October 24, 2013, ten days after the latest date that an answer to Plaintiff's complaint was due, Defendant filed a "Notice" containing various incomprehensible allegations. [ECF 9]. On January 7, 2014, Defendant refiled the same "Notice," but with additional attachments. [ECF 12]. Though the allegations contained in both of these filings were considered, neither can be construed as either an answer to the complaint or a response to Plaintiff's motion for default judgment, as neither provides any kind of substantive response to Plaintiff's complaint.

determine whether the unchallenged facts set forth in the complaint establish a cause of action. *Carroll v. Stettler*, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012); *Bricklayers & Allied Craftworkers Local 1 v. WaterControl Servs., Inc.*, 2012 WL 3104437, at *3 (E.D. Pa. July 30, 2012). A party is deemed to have admitted the factual allegations of the complaint when, as here, the party has failed to timely and properly respond to the complaint. Fed.R.Civ.P. 8(b)(6).

While district courts have discretion to enter a default judgment, *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984), default judgments are disfavored. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1983). Whenever practicable, cases should be adjudicated on the merits. *Hritz*, 732 F.2d at 1181. In determining whether to enter a judgment of default, a court must consider: (1) whether the plaintiff will be prejudiced if no default judgment is entered; (2) whether the defendant appears to have a litigable defense; and (3) whether the default was the product of the defendant's culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hill v. Williamsport Police Dep't*, 69 Fed. Appx. 49, 51 (3d Cir. 2003). In considering these factors, a court must apply a standard of liberality so that any doubt is resolved in favor of hearing claims on the merits. *Gross v. Stereo Component Sys.*, 700 F.2d 120, 122 (3d Cir. 1983); *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. 1976).

**DISCUSSION**

In its complaint, Plaintiff asserts claims for declaratory judgment, essentially seeking declarations of rescission and non-coverage based on Defendant's fraudulent misrepresentations during both the insurance application and the claims processes. Based upon the unchallenged factual allegations of the complaint which establish legitimate causes of action, and the motion

4

for the entry of judgment, this Court finds that Plaintiff is entitled to the requested declaratory relief.

Under Pennsylvania law, "[w]hen an insured secures an insurance policy by means of fraudulent misrepresentations, the insurer may avoid that policy." *Rohm & Haas Co. v. Cont'l Cas. Co.*, 781 A.2d 1172, 1179 (Pa. 2001). Generally, to void an insurance policy under Pennsylvania law, an insurer must demonstrate that (1) the insured made a false representation; (2) the insured knew the representation was false when made; and (3) the representation was material to the risk being insured. *Northwestern Mutual Life Insurance Co. v. Babayan*, 430 F.3d 121, 129 (3d Cir. 2005). "A misrepresented fact is material if being disclosed to the insurer it would have caused it to refuse the risk altogether or to demand a higher premium." *N.Y. Life Ins. Co. v Johnson*, 923 F.2d 279, 281 (3d Cir. 1991).

Here, accepting the facts pled as true, as the Court must, Plaintiff has satisfied all elements necessary for the rescission of the underlying policy. Principally, from the facts alleged, Defendant was not (and is not) the owner of the Property at the time it submitted the insurance application and, therefore, had no insurable interest in the Property. Further, Defendant omitted to include that the restaurant was not operational and that the Property included four rental apartments. This omission was material to the policy issued. Under the circumstances described, Defendant's claim for insurance coverage is fraudulent.

Because the Court finds that the factual allegations of the complaint state a claim against Defendant, it must next turn to the three *Chamberlain* factors to determine whether a default judgment is proper. *Chamberlain*, 210 F.3d at 164. The first factor requires the Court to determine whether Plaintiff will be prejudiced if a default judgment is not entered. "A plaintiff is prejudiced if denying the default judgment would result in the loss of evidence or impair the

5

plaintiff's ability to effectively pursue his or her claim." *Carroll*, 2012 WL 3279213, at *2. Prejudice is particularly likely where the defendant does not answer at all, and the resultant delay threatens to carry on indefinitely. *See Grove v. Rizzi 1857 S.P.A.*, 2013 WL 943283, at *2 (E.D. Pa. Mar. 12, 2013).

In this case, Defendant has delayed the resolution of the matter by evading service and by failing to answer the complaint. Though more than seven months have passed since Plaintiff first attempted to effectuate service on Defendant, Defendant has yet to file any substantive pleadings or response.[2] Defendant has offered no explanation for its failure to answer, nor has it given the Court any reason to believe that it will ever respond to the allegations in the complaint. Because Plaintiff has no way of obtaining the remedies it seeks unless judgment is entered, this factor weighs in favor of granting default judgment.

The second factor to consider is whether Defendant appears to have a litigable defense. *Chamberlain*, 210 F.3d at 164. "Courts often weigh this factor in favor of granting default judgment where a party has failed to answer claims against it." *Grove*, 2013 WL 943283, at *2; *see also E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp.2d 545, 553 (E.D. Pa. 2009). Because Defendant has failed to file an answer to the complaint, a motion to dismiss, or a response to the motion for default judgment, it has not asserted a litigable defense. Therefore, this factor weighs in favor of granting default judgment.

The third factor to consider is the culpability of Defendant's conduct. *Chamberlain*, 210 F.3d at 164. The Third Circuit has held that "willfulness" or "bad faith," not mere negligence, of a defendant's conduct, is culpable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). Bad faith may be presumed if a defendant offers no reason for its failure to engage in the

---

[2] As described above, while Defendant filed two "Notices," neither filing was timely nor compliant with the rules applicable to responsive pleadings or filings in general. More importantly, even construed most liberally, neither responded to the factual allegations contained in Plaintiff's complaint.

litigation process. *E. Elec. Corp. of N.J.*, 657 F.Supp.2d at 554; *Fed. Ins. Co. v. Secure Cargo Corp.*, 2013 WL 1222653, at *3 (D.N.J. Mar. 25, 2013). As stated above, Defendant has failed to respond to the Plaintiff's complaint or the motion for default judgment. It cannot be said that Defendant's failure to respond to the complaint or motion is mere negligence. As detailed above, Plaintiff made several attempts to serve Defendant with the complaint, including by corresponding with Defendant's counsel from another matter and with Defendant's trustee. Notably, the trustee responded to Plaintiff's communications by email, but refused to accept service. When Plaintiff was unable to effectuate service of process, it requested, and this Court directed, four alternative methods of service reasonably directed to provide Defendant ample notice of the action. Plaintiff effectuated service by these four alternative methods. Yet, Defendant still did not substantively or properly respond to the complaint. Defendant's failure to respond was clearly not due to inadvertence or ignorance as to the existence of the action since Defendant did file various non-responsive notices in this action. Under the circumstances, this Court concludes that Defendant's failure to answer the complaint was culpable.

Based on the evaluation of the *Chamberlain* factors and the analysis noted, this Court exercises its discretion to enter default judgment. This Court finds that the entry of default judgment is warranted because Plaintiff will be prejudiced if no judgment is entered, as it has no other means of pursuing its claim against Defendant. Though Defendant has had multiple opportunities to respond to the allegations in the complaint, Defendant has failed to do so, and consequently, has failed to assert a litigable defense. In addition, Defendant has failed to offer any reason to deny the motion for default judgment. Therefore, the entry of default judgment is deemed appropriate.

As stated above, "[w]here a court enters a default judgment, the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true." *DIRECTV, Inc.*, 431 F.3d at 165 n. 6 (emphasis added). The court may calculate damages by conducting a hearing, by receiving evidence, or by detailed affidavits from the claimant. Rule 55(b)(2); *E. Elec. Corp. of N.J.*, 657 F.Supp.2d at 552.

In the complaint, Plaintiff seeks *only* declaratory relief, including a declaration of rescission as to the underlying insurance policy. In its motion for default judgment, however, Plaintiff seeks damages in the amount of $23,051.22, which it maintains consists of the amount of insurance proceeds that it paid to Defendant on account of the fire claim ($20,000) and the cost of serving Defendant by the four ascribed alternative methods ($3,051.22). Because Plaintiff has failed to plead facts in the complaint pertaining to the purported payment of insurance proceeds, this Court cannot determine the amount of damages, if any, which is appropriate.

## CONCLUSION

For the foregoing reasons, this Court grants Plaintiff's motion for the entry of default judgment.

An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.